IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLYN BLOMBERG,                          No.  CIV.S-05-0483 DAD

    Plaintiff,

  v.                                       ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

    Defendant.
_____/

    This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is reversed and this matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

    Plaintiff Carolyn Kathleen Blomberg applied for Disability Insurance Benefits under Title II of the Social Security Act (the

1

"Act"). (Transcript (Tr.) at 55-57.) The Commissioner denied plaintiff's application initially and on reconsideration. (Tr. at 29-32, 34-38.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on May 5, 2004, at which time plaintiff was represented by counsel. (Tr. at 236-71.) In a decision issued on July 29, 2004, the ALJ determined that plaintiff was not disabled. (Tr. at 17-24.) The ALJ entered the following findings:

    1. The claimant effectively filed an application for a period of disability and disability insurance benefits on January 21, 2003, alleging disability as of February 7, 2002.

    2. The claimant has not engaged in substantial gainful activity since February 7, 2002.

    3. The claimant has a chronic pain condition, alternatively diagnosed as bilateral ulnar motor neuropathy, multifocal pain, and diabetes mellitus with neuropathy.

    4. The claimant's impairment more than minimally affects her ability to perform basic work activities.

    5. It has not been established that the claimant has any impairment or impairments which meet or equal the criteria set forth in any applicable section of the Listing of Impairments found at 20 CFR, Part 404, Subpart P, Appendix 1.

    6. The claimant has the following residual functional capacity: she can lift, carry, push, or pull objects weighing up to 10 lbs. frequently and 20 lbs. occasionally. She can sit, stand, and walk for 6 hours in an 8 hour workday, with normal breaks. She should not be

2

|   |    |    |
|---|----|----|
|   |    | required to climb ladders, ropes, or scaffolds; should be limited to occasional stooping, crouching, crawling, and kneeling; and should only occasionally climb stairs or ramps. |
|   | 7. | The claimant has no impairment or impairments which have precluded the performance of her past relevant work as a customer service representative by a medically determinable impairment or impairments [sic]. |
|   | 8. | The claimant's testimony regarding her symptoms is not fully credible for reasons set forth in the body of this decision. |
|   | 9. | The claimant was not under a "disability" within the meaning of the Social Security Act at any time on or before the date of this decision. This decision is made at step four of the sequential evaluation process. 20 CFR 404.1520(e). |

(Tr. at 23-24.) The Appeals Council declined review of the ALJ's decision on February 5, 2005. (Tr. at 10-12.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on March 10, 2005.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (Substantial evidence "is more than a mere scintilla but not necessarily a preponderance.")

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

/////

4

>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff advances three arguments in her motion for summary judgment. First, plaintiff asserts that the ALJ erred in failing to find that plaintiff suffered from any manipulative limitations despite the opinions of several physicians to the contrary. Second, plaintiff argues that the ALJ erred in his treatment of the opinion of Donald Powell, M.D., an examining rheumatologist. Third, plaintiff contends that the ALJ failed to specifically find that plaintiff suffers from the rheumatological condition of fibromyalgia, as opposed to the neurologically based

/////

5

1  condition that the ALJ did find her to suffer from.  The court
2  addresses each of plaintiff's arguments below.
3         As noted, plaintiff argues that the ALJ erred in failing to
4  find that plaintiff suffered from any manipulative limitations.  The
5  court agrees.  The only evidence supporting the finding that
6  plaintiff has no manipulative limitations is the opinion of Thien
7  Nguyen, M.D., a nonexamining physician who evaluated plaintiff's case
8  on May 12, 2003.  (Tr. at 190.)  On this record, that opinion alone
9  cannot amount to substantial evidence. See Widmark v. Barnhart, 454
10 F.3d 1063, 1066 n.2 (9th Cir. 2006)("The opinion of a nonexamining
11 physician cannot by itself constitute substantial evidence that
12 justifies the rejection of the opinion of either an examining
13 physician *or* a treating physician.") (quoting Lester, 81 F.3d at
14 831.)  The other physicians addressing the issue of manipulative
15 limitations opined that plaintiff was limited in a variety of ways
16 regarding the use of her hands and arms.  Specifically, Paul
17 Manchester, M.D., who examined plaintiff within the workers'
18 compensation setting, found that

> [g]iven the patient's wide-spread and severe pain
> at this time, I do not see that she will be able
> to do work other than that which allows for
> frequent position changes and which does not
> involve repetitive use of the upper extremities.

22 (Tr. at 134.)  Likewise, Robert A. Rose, M.D., another workers'
23 compensation physician, objectively found "[t]enderness in both hands
24 with weakness of grasp of both hands;" "[t]enderness in both elbows,
25 in both ulnar groove and the lateral epicondylar region,
26 bilaterally;" and "[a]bnormal nerve conduction velocity studies of

the median and ulnar nerves, all motor conduction abnormalities." (Tr. at 110.)  The nonexamining state agency physician considering plaintiff's case on October 7, 2003, also found manipulative limitations.  (Tr. at 198.)  Nonetheless, the ALJ offered no analysis as to why he disregarded all of these medical findings that plaintiff suffers from hand and arm limitations.  Reversal therefore is required.

Plaintiff's second argument is that the ALJ failed to properly evaluate the opinion of Dr. Powell, an examining rheumatologist.  (Tr. at 223-29.)  This argument also is persuasive. Where the opinion of an examining physician is uncontradicted by the opinion of another doctor, the ALJ must provide "clear and convincing" reasons for rejecting it.  Widmark, 454 F.3d at 1066; Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) Lester, 81 F.3d at 830.  Even where an examining physician's opinion is contradicted by that of another doctor, it can be rejected upon a showing of "specific and legitimate reasons that are supported by substantial evidence in the record."  Id.

Here, the ALJ's entire analysis of Dr. Powell's opinion was as follows:

> There are no treatment records to support the opinion of Dr. Powell because he saw her on only one occasion.  I have considered his opinion, but for this reason give it very little weight.

(Tr. at 22.)  Under binding authority, such a terse and unilluminating assessment falls well short of what is required to reject the opinion of an examining physician.  Indeed, if it were the

rule that the opinions of physicians who examined claimants only once are entitled to little weight, the majority of medical opinions issued in the social security setting would likely be entitled to very little weight. That would be untenable. Because the ALJ failed to properly consider and address Dr. Powell's opinion, reversal is required.[1]

Plaintiff's third argument is that the ALJ failed to specifically find that plaintiff suffers from the rheumatological condition of fibromyalgia, as opposed to the neurologically based condition the ALJ found plaintiff to suffer from.[2] This argument is premised on the contention that the ALJ failed to properly assess the opinion of Dr. Powell, the specialist who ultimately diagnosed plaintiff's condition as fibromyalgia. (Tr. at 223-29.) As discussed above, by saying so little about Dr. Powell's opinion the ALJ indeed erred. Accordingly, this matter will be reversed and remanded for further proceedings as requested by plaintiff. On

---

[1] In summarizing Dr. Powell's report, the ALJ stated that it "appears to fully credit the claimant's subjective symptoms in assessing her functional capacity." (Tr. at 22.) Assuming this statement was an attempt by the ALJ to call into question the validity of opinion expressed in the report, the attempt fails. As noted below, Dr. Powell diagnosed plaintiff with fibromyalgia, a diagnosis which depends on a plaintiff's subjective complaints. See Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004) ("Fibromyalgia's cause is unknown, there is no cure, and it is poorly-understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms.").

[2] The ALJ characterized plaintiff's condition as "a chronic pain condition, alternatively diagnosed as bilateral ulnar motor neuropathy, multifocal pain, and diabetes mellitus with neuropathy." (Tr. at 23.)

remand the ALJ will be required, among other things, to reconsider Dr. Powell's opinion and the diagnosis of fibromyalgia. Once the ALJ thoroughly considers Dr. Powell's opinion, he may adopt it or reject it in a manner consistent with the legal standards set out above. It is the role of the ALJ as the finder of fact, not the court, to weigh the evidence and make such findings. Richardson, 402 U.S. at 410 (recognizing ALJ is "charged with developing the facts"). Therefore, it is unnecessary to address plaintiff's third argument any further at this time.

In light of these errors, reversal is required. The decision whether to remand a case for additional evidence or to simply award benefits is within the discretion of the court. Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). In this regard, the Ninth Circuit has stated: "[g]enerally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." Ghokassian, 41 F.3d at 1304 (quoting Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)). Here, the ALJ erred in failing to make findings supporting his conclusions that plaintiff has no manipulative limitations and that Dr. Powell's opinion is entitled to very little weight. Correcting those errors requires a reevaluation of the record and the ALJ is in a better position than the court to conduct that reevaluation. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990)("If additional proceedings can remedy defects in the original administrative

proceeding, a social security case should be remanded. Where the Secretary is in a better position than this court to evaluate the evidence, remand is appropriate.")(internal quotations and citations omitted). Accordingly, this matter will be reversed and remanded with directions that the ALJ reevaluate the record and accept additional evidence if appropriate. Because the record establishes that plaintiff has manipulative limitations, the ALJ shall make specific findings as to the extent of those limitations. The ALJ also shall reconsider Dr. Powell's opinion, including his diagnosis of fibromyalgia, and make specific findings as to that examining physician opinion.

**CONCLUSION**

Accordingly, the court HEREBY ORDERS that:

1. Plaintiff's motion for summary judgment and/or remand is granted;

2. Defendant's cross-motion for summary judgment is denied; and

3. The decision of the Commissioner is reversed and this case is remanded for rehearing consistent with the analysis set forth herein. See 42 U.S.C. § 405(g), Sentence Four.

DATED: September 19, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\blomberg0483.order.